**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **TRANSCORP CARRIERS, INC.** | § | |
| | § | |
| **V.** | § | **No. 5:12CV88** |
| | § | |
| **GREAT DANE LIMITED** | § | |
| **PARTNERSHIP** | § | |

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATE MAGISTRATE JUDGE**</u>

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such actions (Doc. No. 60), has been presented for consideration. Plaintiff Transcorp Carriers, Inc. ("Transcorp") filed objections (Doc. No. 64) to the Report and Recommendation. Also before the Court is Defendant Great Dane's response (Doc. No. 65) to the objections.

On August 16, 2013, the Magistrate Judge issued an extensive 29-page Report and Recommendation, recommending Great Dane's Motion for Summary Judgment (Doc. No. 41) be granted and that Plaintiff's above-entitled cause of action be dismissed with prejudice. Transcorp objects to the Report and Recommendation, asserting that (1) it considers improper summary judgment evidence; (2) it fails to consider circumstantial evidence of defect; (3) it is based upon arguments not asserted by Great Dane; (4) it adopts Great Dane's version of the facts; (5) it assumes Transcorp is claiming only improper installation and ignores assertions that the MTIS system itself was defective; and (6) it assumes Transcorp must prove the MTIS system caused the fire rather than proving the MTIS system failed in its ordinary purpose, which was to warn the driver of a leak that could lead to a tire fire.

Among other things, Transcorp asserts the Magistrate Judge considered improper summary judgment evidence. Specifically, Transcorp objects to Great Dane's summary judgment Exhibit H, a blank-form incomplete warranty relied upon by Great Dane in its reply. As explained in Great Dane's motion for leave to correct and substitute certain exhibits, due to a clerical error, Great Dane's exhibits in support of its motion for summary judgment were incomplete as originally filed. Within two business days, Great Dane sought leave to substitute and correct certain exhibits. The Magistrate Judge, in her discretion, granted Great Dane leave to correct and substitute the exhibits. Transcorp was not prejudiced by the substitution as it had in its possession the correct deposition transcripts and pages which were correctly referenced in the summary judgment motion. The blank-form limited warranty, which Plaintiff objects to as unauthenticated, did not factor into the Magistrate Judge's recommendation. The terms of the limited warranty were not the basis of the Magistrate Judge's ruling as evidenced from the following:

> The Court has already found that Plaintiff has not presented summary judgment evidence controverting Defendant's evidence that the MTIS System as installed was not defective. As there is no evidence that the tire inflation system (or any other part of the trailer) was defective, Plaintiff's breach of implied warranty claims fail as a matter of law.

(Doc. No. 60 at p. 27) (citation omitted). The Court is not convinced the limited warranty was relied upon by the Magistrate Judge.

In its objections, Transcorp provides a timeline of events supposing the occurrence of a "tire failure" before the tire blowout and fire, asserting the Magistrate Judge erred in adopting Great Dane's version of the facts equating the "tire failure" as the blowout. As explained in the Report and Recommendation, Plaintiff's own expert, Lancelot Furber stated in his report as follows:

> Tire core wires from the right rear inside tire were found wrapped very tightly around

2

the axle housing (Photographs 0092 and 0094). The ends of the wires, from the sidewall of this tire, were found to be shredded (Photographs 0095, 0096, and 0098).Both of these findings are evidence of a tire failure in which, after the failure, the vehicle continued to travel for a great distance prior to the failure being addressed. The friction caused by this activity can cause enough heat to ignite the rubber compound of the tire.

(Furber Report at p. 3). Mr. Furber explicitly states in his report as follows: "[t]here were no signs of tire failure prior to the fire." (Doc. No. 33-2, p. 3:8–9). As noted by the Magistrate Judge, Mr. Furber's use of the phrase "tire failure" is not an indication of a leaky tire that failed to activate the MTIS warning light in advance of a blowout. Rather, Mr. Furber's use of "tire failure"indicates the blowout itself.

Transcorp's driver Jimmy Burris heard, saw, and felt the tire blowout and continued to travel one-half mile to two miles until he pulled over and discovered the tire on fire. He had checked the tire inflation 45 minutes earlier, and there was no indication of any tire inflation problem or tire failure before the blowout. There is no evidence of any product malfunction or failure prior to the blowout.

Transcorp further asserts the Magistrate Judge erroneously recommends summary judgment be granted on Transcorp's breach of implied warranty of fitness for a particular purpose claim, based on grounds not argued by Great Dane. In its motion, Great Dane argued Transcorp cannot recover for breach of implied warranty of fitness for a particular purpose because (1) implied warranties were excluded by the written Limited Warranty; and (2) there was no evidence of defect or product malfunction. As noted above, the Magistrate Judge found with regard to Plaintiff's breach of the implied warranty of merchantability claims as follows: "[a]s there is no evidence that the tire inflation system (or any other part of the trailer) was defective, Plaintiff's breach of implied warranty

claims fail as a matter of law." (Doc. No. 60 at p. 27). Specifically regarding Transcorp's breach of the implied warranty of fitness for a particular purpose, the Magistrate Judge found that Transcorp did not present any evidence suggesting that Great Dane had reason to know of some particular non-ordinary purposes for which Transcorp intended to use the trailer with the installed MTIS System. Although not specifically raised by Great Dane, such evidence is a necessary element to a claim for breach of implied warranty of fitness for a particular purpose. *Bass v. Stryker Corp.* 669 F.3d at 501, 516 (5th Cir. 2012), quoting *Hartford v. Lyndon-DFS Warranty Services, Inc.*, 2010 W.L. 2220443, * 10-11 (Tex. App.—Houston [1st Dist] May 28, 2010, no pet.).

In its objections, Transcorp asserts the "non-ordinary purpose" of the MTIS System was to warn drivers of a leaking tire in order to prevent tire blowouts and tire fires. However, elsewhere in its objections, Transcorp states the two essential functions of the MTIS System are to equalize tire pressure and to warn the driver of a system leak. As such, the Court is not persuaded by Transcorp's alternative argument that warning drivers of low-pressure or leaking tires is a "non-ordinary" function of the MTIS system.

Transcorp contends the Magistrate Judge failed to consider circumstantial evidence of a defect, and there is a question of fact regarding whether the MTIS system malfunctioned. As urged by Great Dane, Transcorp would ask the jury to infer the existence of a defect by the mere fact that a fire occurred. However, there is no circumstantial evidence of a defect or malfunction of the MTIS system nor is there any evidence of causation. Mr. Burris did not identify any problem with tire inflation or tire failure prior to the blowout and fire. As noted above, Mr. Furber opined there was no evidence of tire failure prior to the fire. Even if the Court were to assume that any failure of the warning light to illuminate at the time of the blowout shows a malfunction of the MTIS system, the

required element of causation is still absent. Not only did non-party Meritor manufacture the MTIS system, but Mr. Burris also testified that he knew exactly when the blowout occurred, because he heard, saw, and felt it. It was driving for a long distance after the blowout that caused the tire to ignite.

Transcorp also asserts the Magistrate Judge assumes that Transcorp must prove the MTIS system caused the fire, rather than prove only that the MTIS system failed in its ordinary purpose (or alternatively its non-ordinary purpose) which was to warn the driver of a leak that could lead to a tire fire. Specifically, Transcorp relies on the following summary judgment evidence: (1) there is expert testimony that the MTIS system should have warned the driver; (2) Mr. Burris testified no warning light came on prior to the fire; and (3) there is expert testimony that the ignition source of the fire was the heat of friction due to a tire failure when the vehicle continued to travel for a great distance.

As noted by Great Dane, however, there is a gap in Transcorp's reasoning that if the tire inflation system failed to warn the driver of a tire failure, such failure is actionable even if the tire inflation system itself did not cause the fire. As explained in detail by the Magistrate Judge, Mr. Burris checked the tire inflation 45 minutes prior to the blowout, and there is no evidence to suggest that a tire leak of any kind existed (thus triggering the MTIS light to illuminate) within the 45 minutes prior to the tire failure (or at any other time). Mr. Burris knew about the blowout at the time it occurred, and there is no evidence Mr. Burris would have pulled over any sooner if the indicator light had come on, especially when he testified he heard, felt, and saw the blowout.

In sum, there is no evidence of any defect or malfunction in the tire inflation system or any other part of the trailer sold by Great Dane. The Court finds Transcorp's objections are without merit. The Court has conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge (Doc. No. 60) as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant Great Dane Limited Partnership's Motion for Summary Judgment (Doc. No. 41) is **GRANTED**. It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

SIGNED this 17th day of September, 2013.


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE